**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CRAIG MOSS,** | : | |
| **Petitioner** | : | |
| | : | **No. 1:18-cv-00078** |
| **v.** | : | |
| | : | **(Judge Rambo)** |
| **DISTRICT ATTORNEY OF** | : | |
| **YORK COUNTY, <u>et al.</u>,** | : | |
| **Respondents** | : | |

**<u>MEMORANDUM</u>**

Presently before the Court is Petitioner Craig Moss' petition for writ of
habeas corpus, filed pursuant to 28 U.S.C. § 2241.  (Doc. No. 1.)  Petitioner has
also filed a motion for leave to proceed <u>in forma pauperis</u>.  (Doc. No. 2.)  For the
reasons that follow, Petitioner's motion for leave to proceed <u>in forma pauperis</u> will
be granted and upon preliminary consideration of the petition pursuant to Rule 4 of
the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, as made applicable to §
2241 cases by Rule 1 thereof, [1] the Court will dismiss the petition without
prejudice.

Petitioner is presently confined at York County Prison.  (Doc. No. 1.)  He
provides that on January 15, 2017, he was charged with, <u>inter alia</u>, terroristic
threats with intent to terrorize another, possessing instrument of crime with intent,

---

[1] Rule 4 states in pertinent part that: "The clerk must promptly forward the petition to a judge . . .
and the judge must promptly examine it.  If it plainly appears from the petition and any attached
exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the
petition . . . ."  Rule 4 of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

and simple assault. (Id. at 2; Ex. A, Commonwealth v. Moss, CP-67-CR-1471-2017 (C.C.P. York Cnty., 2017)). Petitioner was arraigned on April 7, 2017. Commonwealth v. Moss, CP-67-CR-1471-2017. Petitioner claims that his right to a speedy trial has been violated and that Respondents refuse to release him on bail. (Doc. No. 1 at 2, 3.)

"For state prisoners, federal habeas corpus is substantially a post-conviction remedy." Moore v. DeYoung, 515 F.2d 437, 441 (3d Cir. 19075). Nevertheless, federal courts have jurisdiction pursuant to 28 U.S.C. § 2241 to issue the writ before a judgment is rendered in a state criminal proceeding.[2] Id. at 441-42. Moreover, while exhaustion of state remedies is statutorily mandated only in post-trial situations, see 28 U.S.C. § 2254(b), an exhaustion requirement in the 28 U.S.C. § 2241 pre-trial context has developed through decisional law. Moore, 515 F.2d at 442. "[A]lthough there is a distinction in the statutory language of §§ 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned." Id.

Exhaustion serves the interests of federalism and comity between the federal and state systems by allowing the state an initial opportunity to determine and correct any violations of a prisoner's federal rights. O'Sullivan v. Boerckel, 526

_____

[2] It is apparent from the instant petition and the Petitioner's state court docket that he is a pretrial detainee and is therefore not in custody pursuant to a state court judgment. As such, the petitioner cannot proceed pursuant to § 2254, but rather, may proceed via § 2241 before a judgment is entered in a state criminal proceeding. See Smith v. Pa. State Atty. Gen., Civ. No. 11-1813, 2011 WL 6012976, at *1 (M.D. Pa. Nov. 3, 2011).

U.S. 838, 844 (1999).  The petitioner bears the burden of demonstrating that he has

exhausted his state remedies, which requires the petitioner to show that he has

fairly presented his claim to the state courts.  O'Halloran v. Ryan, 835 F.2d 506,

508 (3d Cir. 1987); Picard v. Connor, 404 U.S. 270, 278 (1971).  To be fairly

presented to the state courts, both the legal theory and the facts supporting the

claim must have been presented.  O'Halloran, 835 F.2d at 508.  Additionally,

"state prisoners must give the state courts one full opportunity to resolve any

constitutional issues by invoking one complete round of the State's established

appellate review process."  O'Sullivan, 526 U.S. at 845.  A district court should not

issue a writ of habeas corpus without exhaustion at the pre-trial stage unless

extraordinary circumstances are present.  Moore, 515 F.2d at 443.  "In no area of

the law is the need for a federal court to stay its hand pending completion of state

proceedings more evident than in the case of pending criminal proceedings."

Evans v. Court of Common Pleas, 959 F.2d 1227, 1234 (3d Cir. 1992).

It is apparent that Petitioner has not exhausted his state judicial remedies.

Moreover, absent extraordinary circumstances, Younger[3] abstention will apply

when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the

---

[3] Younger v. Harris, 401 U.S. 37 (1981).  The Younger abstention is not appropriate when "(1)
the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some
other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly
unconstitutional statute" Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989).  These exceptions
are to be narrowly construed.  Loftus v. Twp. Of Lawrence Park, 764 F. Supp. 354, 357 (W.D.
Pa. 1991).

state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lazaridis v. Wehmer, 591 F.3d 666 (3d Cir. 2010) (quoting Addiction Specialists, Inc. v. Twp. Of Hampton, 411 F.3d 399, 408 (3d Cir. 2005)).

Here, the Court finds that there is an ongoing state judicial proceeding wherein the Petitioner is a defendant in a state criminal prosecution and it is clear that granting his request for relief would interfere with those proceedings. Additionally, the state's criminal case against Petitioner undoubtedly implicates important state interests of the state's enforcement of its criminal laws. Finally, Petitioner does have the opportunity to raise any constitutional claims in the context of his state criminal proceedings.

Consequently, because Petitioner has failed to exhaust his state court remedies, his claims concerning his ongoing criminal proceedings satisfy the requirements of abstention, and the instant habeas action does not raise the type of extraordinary circumstance contemplated under Younger, the habeas petition will be dismissed without prejudice.

　s/Sylvia H. Rambo　　　　　　
SYLVIA H. RAMBO
United States District Judge

Dated: January 25, 2018